UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**WILLIAM T. HAILEY**                                                                        **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 1:24-CV-P60-JHM**

**LOGAN COUNTY DETENTION CENTER** *et al.*            **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff William T. Haley is incarcerated as a pretrial detainee at Logan County Detention Center. He sues the Logan County Detention Center, Chief Trimmer, and Captain Timothy Burkett.

Plaintiff alleges that $13,000 has been stolen from his debit card and that property, including a credit card, have been stolen from his home since he has been incarcerated. He states that he "has been trying to get the police over here to talk to me for about a month or longer. I've talked to Chief Trimmer, Capt. Burchett and front office countless times and yet I still haven't talked an officer of the law so that I could make a police report." Plaintiff further states that his family contacted the police and that they were informed that only Plaintiff could file a police report.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Several courts, including this one, have held that there is no constitutional right to file a police report. *See*, *e.g.*, *Donaldson v. City of Chicago*, No. 19-1115, 784 F. App'x 957, 959 (7th Cir. Nov. 22, 2019) ("We agree that Donaldson failed to state a federal due-process claim because he does not have a constitutional right to demand that the police investigate his alleged assault, even by merely completing a police report about the matter.") (citing *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (holding that there is no constitutional right to have police investigate a case)); *Scott v. Logan Cnty. Jail*, 1:23CV-P130-JHM, 2024 U.S. Dist. LEXIS 23161, at *12 (W.D. Ky. Feb. 9, 2024); *Edwards v. City of Fort Worth*, No. 4:22-cv-00429-O-BP, 2022 U.S. Dist. LEXIS 228673, at *6 (N.D. Tex. Nov. 28, 2022); *Brock v. City of New York*, No. 21 Civ. 3087 (PGG), 2021 U.S. Dist. LEXIS 171234, at *8 (S.D.N.Y. Sept. 9, 2021) (citing *DeShaney v. Winnebago Cnty. Dept of Soc. Servs.*, 489 U.S. 189, 196 (1989) ("[T]he Due Process Clauses [of the U.S. Constitution] generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the

government itself may not deprive the individual.")); *Miller v. Kohls*, No. 2:15-CV-152-PRC, 2016 U.S. Dist. LEXIS 841, at *5 (N.D. Ind. Jan. 4, 2016) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.")); *Hamby v. Parker*, No. 3:17-cv-01596, 2018 U.S. Dist. LEXIS 82562 (M.D. Tenn. May 15, 2018) (also citing *Linda R.S.*).[1]

Thus, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

### IV.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: April 29, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

---

[1] At least one court has held that there is right to petition a police department (file a police report) under the First Amendment. *See Gibbs v. Webb*, No. 2:18-cv-2817 JAM DB P, 2022 U.S. Dist. LEXIS 134412, at *15 (E.D. Cal. July 27, 2022) . In that case, the court dismissed a prisoner-plaintiff's claim that jail officials had denied him the right to petition the police regarding a crime that allegedly been committed against him because he had various "open avenues" to contact the police, including either calling the police or mailing a letter to the police department regarding the alleged crime. *Id*. at *15-16. This same is true here. Even if Plaintiff has a First Amendment right to petition the police by filing a police report, he does not allege that he is unable to either call the police to make the report or to mail a letter to the police department regarding the crimes he believes have been committed against him. Indeed, Plaintiff could mail the written complaint he filed in this action to the police department for review.